O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re PALMDALE HILLS PROPERTY, INC., et al.,<br>　　　　　　　　　　Debtors.<br>SUNCAL MANAGEMENT, LLC,<br>　　　　　　　　　　Appellant,<br>　　　v.<br>JOINT COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS,<br>　　　　　　　　　　Appellee. | Case No. SACV 12-01805 DMG<br>Bankruptcy Case No. 8:08-bk-17206-ES<br>**ORDER RE BANKRUPTCY APPEAL** |

　　　This matter is before the Court on SunCal Management, LLC's ("SunCal Management") second appeal of an order from the Bankruptcy Court disallowing a claim it put forth. SunCal Management was the property manager for the SunCal Century City, LLC's (the "Debtor") planned 44-story condominium development. SunCal Management had no legal relationship with the Debtor, having contracted with another

cc:BK

-1-

entity, SunCal Communities II, LLC ("SunCal II"), which paid its management fees and expenses.

In the first appeal, No. SACV 12-00978 DMG, this Court affirmed the Bankruptcy Court's ruling disallowing a claim for unpaid management fees, finding that (1) the Bankruptcy Court did not err in finding that the agreement between SunCal Management and SunCal II was valid and it was SunCal II, not the Debtor, that owed the fees; (2) that the Bankruptcy Court did not err in finding that the Debtor and SunCal Management did not have either an oral or implied-in-fact contract; and (3) that the Bankruptcy Court correctly applied *California Medical Assoc., Inc. v. Aetna U.S. Healthcare of Cal. Inc.*, 94 Cal. App. 4th 151, 114 Cal. Rptr.2d 109 (2001), to bar SunCal Management's claim for unjust enrichment.

The first appeal sought fees and costs for work that pre-dated the Debtor's bankruptcy filing. This appeal relates to Proof of Claim 6-3 the ("Gap Claim"), which seeks management fees and various costs for the gap period between the bankruptcy filing on November 14, 2008 and issuance of the Order for Releif on January 8, 2009. R. at 551, ¶ 4.[1] The Bankruptcy Court disallowed the claim, once again ruling that (1) the Debtor has no liability under the valid agreement between SunCal Management and SunCal II, (2) there was no oral or implied-in-fact contract because it would necessarily conflict with an express contract, and (3) *California Medical* bars SunCal Management's claim for unjust enrichment. *Id.* at 552-53, ¶¶ A-C.

Notwithstanding that the claim at issue relates to a different time period, the rulings of the Bankruptcy Court are identical to those in the previous appeal. This Court has already affirmed the Bankruptcy Court on all three issues. "The law of the case doctrine holds that a court will generally refuse to reconsider an issue that has already been decided by the same court or a higher court in the same case." *Ctr. for Biological*

---

[1] Appellant's Excerpts of the Record [Doc. # 19.]

*Diversity v. Salazar*, 706 F.3d 1085, 1090 (9th Cir. 2013) (quotation marks omitted)). This Court's prior affirmation is the law of the case, and will not be reconsidered.

In light of the foregoing, the judgment of the Bankruptcy Court is **AFFIRMED**. **IT IS SO ORDERED**.

DATED:   June 27, 2013

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE